# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON LEONE,<br><br>         Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC; and<br>HSBC BANK USA, NATIONAL<br>ASSOCIATION, AS TRUSTEE FOR<br>MORTGAGE PASS THROUGH<br>CERTIFICATES, SERIES MLMI 2005-A10,<br><br>         Defendants. | CIVIL ACTION NO. 1:17-cv-00139 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## I.     INTRODUCTION

This action arises from an August 12, 2005 mortgage loan to the plaintiff, Jason Leone, ("Plaintiff"), and Plaintiff's October 2007 default on his monthly repayment obligations. Defendant HSBC Bank USA, National Association, as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10 ("HSBC Bank as Trustee"),[1] is the current mortgagee of record pursuant to an assignment recorded in the chain of title on property located at 31 Rolling Meadow Way in North Kingstown, Rhode Island (the "Property"). After receiving notice of a future foreclosure sale, but before the sale occurred, Plaintiff filed suit to quiet title free and clear of the alleged sale and to

---

[1] HSBC Bank as Trustee has also been known and/or referred to as: (i) HSBC Bank USA, National Association, as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMI 2005-A10; (ii) HSBC Bank USA, National Association, as Trustee for Mortgage Pass-Through Certificates, Series MLMI 2005-A10; (iii) HSBC Bank USA, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust MLMI Series 2005-A10, Mortgage Pass-Through Certificates; (iv) HSBC Bank USA, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10; and (v) HSBC Bank as Trustee for MLMI 2005-A10. (Affidavit, *Exhibit A*, at ¶ 5.) These trust names are all one in the same trust. (*Id.*)

seek damages as a consequence of the sale. The sale was cancelled, and the Property remains titled to Plaintiff but subject to HSBC Bank as Trustee's mortgage.

Plaintiff's complaint is moot and should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because no foreclosure sale has occurred or is presently scheduled. Separately, the Court should dismiss the complaint in its entirety for failure to state a claim upon which relief may be granted. Count I fails as a matter of law because Plaintiff lacks standing to challenge the assignment of his mortgage for non-compliance with R.I. Gen. Laws § 34-11-34 (Conveyances executed by attorney). Count II likewise fails because neither the mortgage nor Rhode Island law requires proof of receipt of a notice of default, and Plaintiff's allegations concerning the notice itself are conclusory, speculative and do not demonstrate resulting damages. Count III fails to allege facts sufficient to challenge Nationstar's authority to pursue foreclosure or otherwise act on behalf of HSBC Bank as Trustee. Count IV relies on all prior counts that fail as a matter of law, and requests quiet title solely in Plaintiff's name despite an undisputed existence mortgage and absent any completed foreclosure.

In further support of their motion, the Defendants submit the following:

## II.     RELEVANT BACKGROUND

### A.     Statement of Allegations and Claims in the Complaint.[2]

On July 26, 2005, Plaintiff acquired the property located at 31 Rolling Meadow Way, North Kingstown, Rhode Island. (Complaint, Doc. No. 1-2 ("Compl."), ¶ 8.) On August 12, 2005, Plaintiff obtained a $560,000 loan (the "Loan") from Countrywide Home Loans, Inc. ("Countrywide"), for which repayment was secured by a mortgage on the Property (the "Mortgage") to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide and

---

[2] Although Defendants accept the factual allegations of Plaintiff's complaint as true for purposes of this motion to dismiss, Defendants reserve the right to and deny said allegations and challenge to foreclosure.

34747951v1 0996380

its successors and assigns ("MERS"). (*Id.* at ¶ 9; Mortgage, *Exhibit B*.) The Mortgage was recorded on August 12, 2005, at Book 2030, Page 58, in the North Kingstown Land Evidence Records. (*Id.*) The Mortgage provides that any notice to Plaintiff "shall be deemed to have been given to [Plaintiff] when mailed by first class mail or when actually delivered to [Plaintiff's] address if sent by other means." (*Exhibit B* at ¶ 15.)

MERS assigned the Mortgage to HSBC Bank USA, National Association as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMI 2005-A10 on June 5, 2008. (Compl. ¶ 10; June 2008 Assignment, *Exhibit C*.) The assignment references signature authority under a Corporate Resolution recorded on November 5, 2004 at Book 1930 Page 197 of the North Kingstown Land Evidence Records. (Corporate Resolution, *Exhibit D*.) Plaintiff generally claims that the June 2008 assignment is void, but does not allege a factual basis to support the claim. (Compl. ¶¶ 10-12.)

HSBC Bank USA, National Association as Trustee for the Registered Holders of the Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series MLMI 2005-A10, assigned the Mortgage to HSBC Bank USA, National Association, as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10 on January 28, 2013. (Compl. ¶ 17; January/February 2013 Assignment, *Exhibit E*.) Bank of America executed the assignment as attorney-in-fact. (Compl. ¶

34747951v1 0996380

19.) Plaintiff alleges that this assignment is void for failure to comply with R.I. Gen. Laws § 34-11-34. (*Id.* at ¶¶ 17-20, 34-37.)[3]

Nationstar retained Marinosci Law Group, P.C. ("Foreclosure Counsel"), to initiate foreclosure proceedings. (Compl. ¶¶ 26, 28.) Plaintiff alleges that he did not receive, and the "Lender" did not send, notice in accordance with paragraph 22 of the Mortgage prior to acceleration and foreclosure. (Compl. ¶ 30.) Plaintiff further alleges, "based on information and belief," that Nationstar did not have "specific authority" from HSBC Bank as Trustee to foreclose. (*Id.* at ¶ 27.) Although Plaintiff alleges that a foreclosure sale was scheduled to occur on January 7, 2017, he claims that he never received, and the mortgagee never sent, a Notice of the Foreclosure Sale for January 7, 2017.[4] (*Id.* at ¶¶ 29--31.) Plaintiff alleges that, consequently, any foreclosure and mortgagee's foreclosure sale are invalid, void and without force or effect, and that he has suffered damages and loss of title to his home as a result of the alleged violation of R.I. Gen. Laws § 34-11-34 and actions to foreclose the Mortgage. (*Id.* at ¶¶ 30, 32-33).

Plaintiff asserts four counts against Defendants as a result of the allegations discussed above. In Count I, Plaintiff seeks to void the assignments of his Mortgage recorded on February 14, 2013 and April 9, 2015, and to void the foreclosure sale (which did not occur), by claiming

---

[3] There are three other assignments of the Mortgage recorded in the North Kingstown Land Evidence Records, which appear to be invalid: (a) the assignment from MERS to U.S. Bank, N.A., as Successor Trustee to Wachovia Bank N.A., as Trustee for the Certificateholders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A10 ("U.S. Bank"), dated December 7, 2011, and recorded on December 15, 2011, appears to be invalid because MERS previously assigned the Mortgage to HSBC Bank as Trustee; (b) the assignment from Bank of America, N.A., to Nationstar Mortgage, LLC, dated June 28, 2013, and recorded on September 30, 2013, appears to be invalid because Bank of America was not the mortgagee of record at the time of the assignment; and (c) the assignment from U.S. Bank to HSBC Bank USA, National Association, as Trustee for Mortgage Pass-Through Certificates, Series MLMI 2005-A10, dated March 10, 2015, and recorded on April 9, 2015, appears to be invalid because the assignment from MERS to U.S. Bank is invalid. (*See* Compl. ¶¶ 13-16, 21-22, 23, 46, 47.) Borrower also alleges that the 2015 assignment is void for failure to comply with R.I. Gen. Laws § 34-11-34. (*Id.* at ¶¶ 23-25).

[4] Based on the information available to Nationstar, a foreclosure sale was not schedule for January 7, 2017. Rather, the sale was scheduled for January 19, 2017. (*See Ex. A* at ¶ 12.)

34747951v1 0996380

Defendants lacked power of attorney in accordance with R.I. Gen. Laws § 34-11-34. (Compl. ¶¶ 34-37.) In Count II, Plaintiff claims breach of contract on grounds that the "Lender" failed to provide notice in accordance with paragraph 22 of the Mortgage. (*Id.* at ¶¶ 38-44.) In Count III, Plaintiff asserts a stand-alone claim against Nationstar based on the allegation that Nationstar did not have authority to foreclose. (*Id.* at ¶¶ 45-49.) In Count IV, Plaintiff alleges wrongful foreclosure and seeks to quiet title free and clear of the alleged foreclosure sale (which did not occur) pursuant to R.I. Gen. Laws § 34-16-5. (*Id.* at ¶¶ 50-60.) In his prayer for relief, Plaintiff also asks that the Court enjoin and restrain Defendants from continuing or initiating any foreclosure or eviction actions until title to the Property is "cleared" and Plaintiff's claims have been heard and determined, and award actual and exemplary damages, costs and reasonable attorney's fees. (*Id.* at pp. 11-12.)

## B.   Additional 12(b)(1) Facts

Nationstar has been the servicer for Plaintiff's Mortgage Loan since July 1, 2013. (*Exhibit A* at ¶ 6; Notices of Service Transfer, *Exhibit A(1)(2)*.) As servicer and attorney-in-fact for HSBC Bank as Trustee, Nationstar is authorized by HSBC Bank as Trustee to take actions necessary to accelerate and enforce the Loan and foreclose the Mortgage. (*Exhibit A* at ¶ 7; Limited Power of Attorney, *Exhibit A(3)*; Power of Attorney, *Exhibit A(4)*.) On July 19, 2013, HSBC Bank as Trustee executed a Limited Power of Attorney, appointing Nationstar as its true and lawful attorney-in-fact, which was recorded on June 3, 2014 in Book 2307 at Page 29 of the West Warwick Land Evidence Records. (*Exhibit A* at ¶ 7; *Exhibit A(3)*.) HSBC Bank as Trustee executed another Power of Attorney on December 5, 2016. (*Exhibit A* at ¶ 7; *Exhibit A(4)*.)

The Loan is due for the October 2007 payment and all subsequent monthly payments. (*Exhibit A* at ¶¶ 8, 10.) Nationstar sent an October 2, 2013 letter to Plaintiff, via regular first class

34747951v1 0996380

and certified mail, providing notice of the default. The certified letter was returned unclaimed. (*Exhibit A* at ¶ 9; Return Receipt, *Exhibit A(5)*.) In or about December 2015, Nationstar retained Foreclosure Counsel to foreclose the Mortgage. (*Exhibit A* at ¶ 11.)

On November 29, 2016, Foreclosure Counsel sent a Notice of Mortgagee Sale scheduled to occur on January 19, 2017 and letter to Plaintiff stating they were retained by Nationstar, the servicer for HSBC Bank as Trustee, the current holder of the Mortgage, and providing notice of the default, the sale and details regarding publication of the notice. (*Exhibit A* at ¶ 11; Notice, *Exhibit A(6)*.) A Notice of Mortgagee's Sale was published on December 29, 2016, but the sale was subsequently cancelled. (*Exhibit A* at ¶ 11; Publication, *Exhibit A(7)*.)

On February 17, 2017, Foreclosure Counsel sent a new Notice of Mortgagee Sale scheduled to occur on April 11, 2017 and letter to Plaintiff stating they were retained by Nationstar, the servicer for HSBC Bank as Trustee, the current holder of the Mortgage, and providing notice of the default, the sale and publication details. (*Exhibit A* at ¶ 11; Marinosci Notice, *Exhibit A(8)*.) The sale was cancelled. (*Exhibit A* at ¶ 11.)

On April 19, 2017, Nationstar mailed Plaintiff a new notice of default which strictly complies with paragraph 22 of the Mortgage. (*See Exhibit A* at ¶ 13; 2017 Notice of Default, *Exhibit A(9)*.) As of this filing, a mortgagee's sale has not been scheduled. (*Exhibit A* at ¶ 14.)

## III.   STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), the Court must construe the complaint liberally in the light most favorable to the plaintiff, take all well-pleaded factual allegations as true, and give the plaintiff the benefit of all reasonable inferences. *Narragansett Electric Co. v. Constellation Energy Commodities Group, Inc.*, 526 F. Supp. 2d 260, 267-268 (D. R.I. 2007) (citations omitted). In deciding a motion to dismiss,

34747951v1 0996380

whether under 12(b)(6) and/or 12(b)(1), the Court is not limited to considering the complaint. *Id.*

at 268. As recognized by this Court:

> The First Circuit Court of Appeals has adopted a practical, commonsense approach for determining what materials may be properly considered on a motion to dismiss. A court may consider not only the complaint, but also the facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice. In addition, when a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document (the authenticity of which is not challenged), that document effectively merges into the pleadings. Moreover, the district court appropriately may consider the whole of a document integral to or explicitly relied upon in a complaint, even if that document is not annexed to the complaint.

*Id.* (internal citations and quotations omitted).

Dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6), where the complaint fails to

state a claim upon which relief can be granted. To survive a 12(b)(6) motion to dismiss, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief

plausible on its face. *Clark v. Mortg. Elec. Regis. Sys., Inc.*, 7 F.Supp.3d 169, 174 (D. R.I. 2014)

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A plaintiff's obligation to

provide 'the grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550

U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "The Court need not accept all

allegations in the complaint as true—'threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Clark*, 7 F.Supp.3d at 174 (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Questions of subject matter jurisdiction under Rule 12(b)(1) may be raised at any time or

even *sua sponte* by the court. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action"); *McCulloch v. Velez*,

364 F.3d 1, 5 (1st Cir. 2004). The plaintiff bears the burden of proving the existence of subject-matter jurisdiction and "may not rest merely on unsupported conclusions or interpretations of law." *Narragansett Electric Co.*, 526 F. Supp. 2d at 268; *Murphy v. U.S.*, 45 F.3d 520, 522 (1st Cir. 1995) (citations and quotations omitted). Importantly, "[w]hen considering a 12(b)(1) motion, the court may consider materials outside of the pleadings," including affidavits. *Narragansett Indian Tribe of Rhode Island v. Chao*, 248 F. Supp. 2d 48, 50 (D. R.I. 2003) (quoting *Gonzalez v. U.S.*, 284 F.3d 281, 288 (1st Cir. 2002)).

## IV.   ARGUMENT

### A.   The Court Lacks Subject Matter Jurisdiction to Adjudicate the Complaint because no Foreclosure Sale has Occurred and there is no Risk of a Future Improper Sale.

Each count of the Complaint is premised on Plaintiff's allegation of a wrongful foreclosure sale—Count I seeks a declaratory order voiding the sale, Counts II and III allege loss of title to the Property, wrongful foreclosure and that the sale is void, and Count IV seeks to quiet title free and clear of the alleged foreclosure sale and deed. (*See* Compl.) Contrary to Plaintiff's allegations, no foreclosure sale has occurred and there is no risk of a future improper sale. Thus, the Complaint is moot and should be dismissed.

"Mootness is a jurisdictional defect" and is properly raised in a 12(b)(1) motion. *Horizon Bank & Trust Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004); *Narragansett Indian Tribe of Rhode Island*, 248 F. Supp. 2d at 50. "A case is moot when the issues are no longer live or the parties no longer have a legally cognizable interest in the outcome." *Horizon Bank & Trust Co.*, 391 F.3d at 53 (citations and quotations omitted). "In other words, mootness arises when it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Martins v. Fed. Hous. Fin. Agency*, --- F. Supp. 3d ---, 2016 WL 5921770, *3

34747951v1 0996380

(D. R.I. Oct. 11, 2016) (citations and quotations omitted). "[A] case not moot at the outset can become moot because of a change in the fact situation underlying the dispute, making relief now pointless." *Id.* (citations omitted). When a case is moot, "dismissal of the action is compulsory." *Redfern v. Napolitano*, 727 F.3d 77, 85 (1st Cir. 2013); *Martins*, 2016 WL 5921770, at *3 ("When a case becomes moot, dismissal is mandatory.").

Generally, a defendant who voluntary stops the challenged conduct, rendering the case moot, has the burden of demonstrating that "the alleged wrongful behavior cannot reasonably be expected to recur." *Martins*, 2016 WL 5921770, at *3. However, in a lawsuit seeking to force compliance, the plaintiff has the burden of "demonstrating that, if unchecked by litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury is certainly impending." *Id.* (citations and quotations omitted).

Federal courts routinely find that claims based on an alleged wrongful foreclosure are moot when the sale was canceled or vacated. For example, in *Blanton v. Fed. Home Loan Mortg. Corp.*, the court held that the plaintiff's wrongful foreclosure claim based on alleged insufficient statutory notice was moot where the notice of sale was rescinded, the foreclosure was not completed and there was no pending non-judicial foreclosure. No. 3:15–cv–00353–AC, 2016 WL 1158591, *2-3 (D. Or. Feb. 29, 2016). In *Nash v. GMAC Mortg., LLC*, this Court found the plaintiff's request to enjoin a pending sale was moot because the foreclosure sale auction was cancelled and was not rescheduled. No. 10-493S, 2011 WL 2470645, *12-14 (D. R.I. May 18, 2011), adopted 2011 WL 2469849 (June 20, 2011). In *Martins*, the mortgagor sought declaratory and injunctive relief and damages for the defendants' alleged failure to provide adequate notice of their non-judicial foreclosure sale of her property. 2016 WL 5921770. This Court dismissed

9

the complaint for lack of subject matter jurisdiction, finding that the mortgagor's claims were moot as the defendants vacated the foreclosure sale. *Id.* at pp. 2-4.

Here, Plaintiff's January 3, 2017 Complaint seeks not only damages but injunctive relief for a foreclosure sale that was never completed, that was scheduled in January, and that was canceled. (*See* Compl. ¶ 29; *Exhibit A* at ¶¶ 11, 13; *Exhibit A(6)*.) There is no pending sale date. (*See Exhibit A* at ¶ 13.) Thus, like the above decisions, the Complaint in the instant action is premised on a non-judicial foreclosure sale that did not occur.

Further, there is no reasonable expectation of actionable conduct based on any future non-judicial foreclosure sale. *See Martins*, 2016 WL 5921770, at *3 (mootness arises when there is no reasonable expectation alleged violation will recur and interim relief or events have eradicated effects of alleged violation). Specifically, Plaintiff admits he granted the Mortgage on the Property, which secures repayment of the $560,000 Loan, and that the Mortgage is recorded in the Land Evidence Records. (Compl. ¶. 9; *Exhibit B*.) Plaintiff defaulted on his October 2007 monthly payment obligation, and the Loan remains due for the October 2007 and all subsequent monthly payments. (*Exhibit A* at ¶ ; *Exhibit A(5)* at p. 1; *Exhibit A(9)* at p. 1.) Consistent with this fact, the Complaint does *not* allege the non-existence of the default and as such the Defendants are entitled to foreclose. (*See* Compl.)

HSBC Bank as Trustee is the record mortgagee by virtue of a June 5, 2008 assignment recorded on June 10, 2008 in Book 231 at Page 6 of the North Kingstown Land Evidence Records, and a January 28, 2013 assignment recorded on February 14, 2013 in Book 2723 at Page 109 of the North Kingstown Land Evidence Records. (*Exhibits C* and *D*; *see also Exhibit B* at ¶ 20 (stating the note and Mortgage can be sold). *Clark*, 7 F. Supp. 3d at 182 (assignment of mortgagee sufficient to show assignee has right to foreclose mortgaged property). Both

34747951v1 0996380

assignments are valid and enforceable against Plaintiff. Although Plaintiff claims that the 2008 assignment is void, he does not allege a factual basis to support the claim—there is no such basis. The written assignment is signed, acknowledged and recorded in accordance with R.I. Gen. Laws § 34-11-1, and specifically references signature authority under the Corporate Resolution recorded on November 5, 2004 at Book 1930 Page 197 of the North Kingstown Land Evidence Records. (*See* Compl. ¶¶ 10-12; *Exhibit D*.) Plaintiff's sole challenge of the 2013 assignment is non-compliance with R.I. Gen. Laws § 34-11-34. However, as discussed below, Plaintiff lacks standing to challenge the 2013 assignment on this basis. *See infra* Section IV(B). Moreover, the 2013 assignment is redundant—pursuant to the sworn affidavit in support of this motion, the varying trust names on the 2008 and 2013 assignments are all one in the same Trust. (*Exhibit A* at ¶ 5.)

Under these circumstances and because the Complaint fails to identify any other viable challenge to a future non-judicial foreclosure sale (*see infra* Sections IV(B)-(E), Plaintiff's claims are moot, and the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**B.    Plaintiff Lacks Standing to Challenge the Assignments of his Mortgage Based on Noncompliance with R.I. Gen. Law § 34-11-34 in Counts I and IV.**

In Count I, Plaintiff seeks a declaratory judgment that the alleged foreclosure sale is void on the ground that certain assignments of his Mortgage do not comply with R.I. Gen. Law § 34-11-34, which provides that "[a]ny conveyance executed by attorney shall be as valid as if executed by the grantor himself, providing that a power of attorney be given by such grantor for this purpose; which power and the deed executed by the attorney thereunder shall be signed,

acknowledged, delivered and recorded with like formalities prescribed by law concerning deeds from grantors in person."

Plaintiff lacks standing to challenge the assignment of his Mortgage based on noncompliance with R.I. Gen. Laws § 34-11-34 because he raises only a voidable challenge. Rhode Island law grants a mortgagor limited standing to challenge to an assignment of mortgage: where facts alleged demonstrate an invalid, ineffective or void assignment. *Clark*, 7 Supp.3d at 176 (citing *Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1, 10 (1st Cir. 2014). Void challenges arise out of facts alleged to demonstrate that the assignor never possessed a legally transferrable interest. *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013); *Cruz v. Mortg. Elec. Registration Sys., Inc.*, 108 A.3d 992, 997 (R.I. 2015). By contrast, a mortgagor has no standing to challenge an assignment based upon facts that would only render the assignment "voidable at the election of one party but otherwise effective to pass title." *Clark*, 7 F. Supp. 3d at 175; *Cruz v. Mortg. Elec. Registration Sys., Inc.*, 108 A.3d 992, 997 (R.I. 2015). Examples of allegations that raised voidable challenges include procedural infirmities in the assignment such as failure to abide by the terms of a governing trust agreement or where a corporate officer exceeds his scope of authority. *Clark*, 7 F. Supp. 3d at 177-178; *Caito v. Mortg. Elec. Registration Sys., Inc.*, No. 13-429-M-LDA, 2015 WL 4480348, *1-*2 (D. R.I. July 21, 2015).

This Court has repeatedly dismissed complaints for lack of standing where a mortgagor challenges the assignment on the ground that there was no recorded power of attorney. *See, e.g.*, *Goodrow v. Everhome Mortg.*, No. 13-580-M, 2015 WL 1879632 (D. R.I. Apr. 23, 2015); *In v. Mortg. Elec. Registration Sys., Inc.*, No. 11-330-M-LDA, 2015 WL 105775 (D. R.I. Jan. 7, 2015); *DeLuise v. Nationstar Mortgage, LLC*, No. 13-709-M-LDA, 2014 WL 6873264 (D. R.I. Dec. 4, 2014); *Guiliano v. Mortg. Elec. Registration Sys., Inc.*, No. 13-320-M-LDA, 2014 WL

34747951v1 0996380

6873169 (D. R.I. Dec. 4, 2014); *Lister v. Bank of America, N.A.*, 8 F. Supp. 3d 74, 81-82 (D. R.I. 2014). In *Lister*, 8 F. Supp. 3d at 82-83, the Court, even while inferring that there was indeed no valid power of attorney on a Bank of America mortgage assignment, concluded that this "inference would merely make the assignment voidable, not void, and Plaintiffs would lack standing to challenge the assignment." Similarly, the Rhode Island Supreme Court has made clear that a mortgagor lacks standing to challenge the assignment of his mortgage on the ground that the person who executed the assignment on behalf of the grantor lacked authority to do so, which would merely render the assignment voidable. *See also Cruz*, 108 A.3d at 997-998.

Here, Plaintiff seeks a declaratory judgment that two of the assignments of his Mortgage are void for non-compliance with R.I. Gen. Laws § 34-11-34, and in doing so claims lack of power of attorney conferring authority to execute the assignments of his Mortgage. (Compl. ¶¶ 20, 25, 33-37. 55.) Rhode Island law, as applied in this federal court and in the Rhode Island Supreme Court, conclusively denies Plaintiff standing to challenge the assignments of his Mortgage on these grounds, and this Court should dismiss Count I and deny Plaintiff's quiet title demand in Count IV.

    **C.**    **Count II Fails to State a Breach of Contract Claim Based on Paragraph 22 of the Mortgage.**

In Count II, Plaintiff seeks damages for breach of the Mortgage on grounds that "he did not receive and Lender did not send via servicer or otherwise a notice of default in accordance with paragraph 22 of the Mortgage." (Compl. ¶¶ 39-43). Several bases exist to dismiss this count on the allegations alone.

First, Plaintiff's claim that he never received notice in compliance with the Mortgage fails to state a claim for relief because the Mortgage and Rhode Island law only require Defendants to mail the notice. The Mortgage states: "Any notice to Borrower … shall be deemed

13

to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." In *Pigeon v. Mortg. Elec. Regis. Systems, Inc.*, the Rhode Island Superior Court considered a similar notice provision and concluded that a mortgagee complies with a mortgage notice requirement by mailing the notice via first class mail, even if the notice is returned. No. PC 2011-2872, 2013 WL 486874, *3 (R.I. Super. Feb. 5, 2013) (Rubine, J.). The trial justice explained that "the parties agreed to a constructive notice provision, which renders the fact of actual receipt a fact not material to the resolution of this case." *Id.* Here, Plaintiff alleges that he never "received" notice of default or sale. (Compl. ¶¶ 30-31, 42-43.) Receipt of notice, however, is not required under Rhode Island law or the terms of the Mortgage so that Plaintiff has no breach of contract claim.

Second, Plaintiff's allegation that a notice of default was not placed in the mail is conclusory and speculative, and therefore, insufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.") Plaintiff lacks personal knowledge to even allege that Defendants did not send him a notice of default. Contrary to this allegation, Nationstar mailed a notice of default to Plaintiff on October 2, 2013. (*Exhibit A* at ¶ 9; *Exhibit A(5)*.) Foreclosure counsel mailed a notice of sale to Plaintiff on November 29, 2016. (*Exhibit A* at ¶ 11; *Exhibit A(6)*.) It is telling that Plaintiff would allege that he never received notice of the foreclosure sale in one paragraph of the Complaint and, in another paragraph, allege that a foreclosure sale will take place a date certain. (*See* Compl. ¶¶ 29, 31.)

Third, Defendants anticipate Plaintiff may now claim that the 2013 notice of default fails to strictly comply with paragraph 22 of the Mortgage because it does not specifically state Plaintiff "has the right to bring a court action to assert the non-existence of a default or any other

34747951v1 0996380

defense of Borrower to acceleration and sale," and rather states Plaintiff may have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense he may have to acceleration and sale.[5] Dismissal on strict compliance is appropriate because Rhode Island law did not require strict compliance with paragraph 22 when the notice issued in 2013. Rather, strict compliance was first addressed by the Rhode Island Bankruptcy Court on June 5, 2014 in *In re: Demers*, 511 B.R. 233, and was next addressed by this Court on October 11, 2016 in *Martins*, 2016 WL 5921770. The Supreme Court of Rhode Island has not addressed the issue. Defendants respectfully submit that this Court should not retroactively apply strict compliance to invalidate a 2013 notice of default. This is consistent with neighboring Massachusetts law.

Specifically, in *Pinti v. Emigrant Mortg. Co., Inc.*, the Massachusetts Supreme Judicial Court ("SJC") held that a foreclosure pursuant to the statutory power of sale is invalid unless it strictly complies with paragraph 22 of a standard mortgage. 472 Mass. 226, 243-244 (2015). The SJC made clear that its ruling is to be given prospective effect only to foreclosure sales of properties subject to mortgage containing paragraph 22 *and* for which notice of default required by paragraph 22 is sent after decision, which was issued on July 17, 2015. *Id.* In *Pinti*, the SJC left open the question of whether the decision applies in any cases where the issue was timely and fairly asserted in the trial court or on appeal before July 17, 2015. However, the SJC recently decided this issue, concluding that *Pinti* also applies under the limited circumstances where the issue of strict compliance with paragraph 22 was timely and fairly asserted in the trial court or on appeal before *Pinti* was issued. *Fed. Nat'l Mortgage Ass'n v. Marroquin*, --- N.E.3d ---, 2017 WL 1957201 (Mass.2017). This carve-out to *Pinti's* prospective effect is inapplicable in the

---

[5]   The notice of default complies with paragraph 22 of the Mortgage in all other respects.

34747951v1 0996380

instant action because Plaintiff did not raise the issue of strict compliance prior to the 2014 Rhode Island bankruptcy and federal court decisions requiring strict compliance.

Finally, Plaintiff fails to state a viable breach of contract claim based on paragraph 22 of the Mortgage. Specifically, Plaintiff cannot satisfy the damages element of his breach of contract claim because there has been no foreclosure sale or loss of title to the Property, and a plaintiff cannot recover for emotional distress based on a breach of contract. (*See* Compl. ¶ 44; *Exhibit A* at ¶¶ 11, 13.) *See Frisina v. Women and Infants Hosp. of R.I.*, Nos. 95-4037, 95-4469, 95-5827, 2002 WL 1288784, *10 (R.I. Super. May 30, 2002) (acknowledging Rhode Island does not permit recovery for emotional distress due to breach of contract except in limited scenarios) (citing *Buenzle v. Newport Amusement Ass'n*, 29 R.I. 23 (1908)); *see also Cappalli v. BJ's Wholesale Club, Inc.*, 904 F. Supp. 2d 184, 193 (D. R.I. 2012) (damages are element of breach of contract claim). To any extent Plaintiff now claims that the 2013 notice of default does not strictly comply with paragraph 22, Plaintiff's commencement of this action demonstrates that he received adequate notice of his right to bring a lawsuit and any courts costs and fees were incurred in connection with Plaintiff's exercise of his right to bring suit. Further, because Plaintiff avers that he did not receive a notice of his default, he was not damaged by any claimed deficiency in the contents of the 2013 notice.

**D.    Count III Fails to State a Viable Cause of Action and Relies on Speculation and Conclusory allegations, which Should not Survive under Rules 8 and 12 and which are Contrary to a Recorded Power of Attorney.**

In Count III, Plaintiff asserts a damages claim against Nationstar for lack of "authority to instruct foreclosure counsel to foreclose." Count III should be dismissed as moot because it is premised on nonexistent facts—a foreclosure sale and loss of title to the Property. Count III should also be dismissed for failure to state a claim upon which relief may be granted because

34747951v1 0996380

Rhode Island does not recognize a stand-alone claim for "lack of authority to instruct foreclosure counsel to foreclose." (*See* Compl., Count III.)

Further still, Count III relies on the speculative and conclusory allegation that Nationstar "did not have specific authority to foreclose on behalf of" HSBC Bank as Trustee. (Compl. ¶¶ 27 48.) *See Clark*, 7 F.Supp.3d at 181 (quoting *Twombly*, 550 U.S. 554, 555 (2007) standard, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal"). The sole basis Plaintiff advances in Count III is the recorded assignment purporting to assign the Mortgage from BOA to Nationstar. However, it does not follow that Plaintiff is entitled to relief because Rhode Island law permits Nationstar to pursue foreclosure as the servicer and attorney-in-fact for HSBC Bank as Trustee. *See Cornejo v. Bank of New York* Melon, No. , 2016 WL 4385895 (D. R.I. Aug. 17, 2016) (servicers as agents of lenders, can lawfully provide borrower with requisite foreclosure notices); *Ingram v. Mortg. Elec. Regis. Systems, Inc.*, 94 A.3d 523, 529 (R.I. 2014) (affirming validity of foreclosure where servicer properly mailed notice of sale and advertised foreclosure).

Here, Plaintiff concedes that Nationstar is servicer. (Compl. ¶ 1.) Moreover, record title demonstrates that HSBC Bank as Trustee granted Nationstar a power of attorney on July 19, 2013, which was recorded on June 3, 2014 in the West Warwick, Rhode Island, Land Evidence Records. (*See Exhibit A* at ¶¶ 6-7; *Exhibit A(3)*.) The Complaint alleges no other facts to challenge Nationstar's authority to pursue foreclosure as HSBC Bank as Trustee's servicer and attorney-in-fact. (*See* Compl. *generally* and *specifically* at ¶ 27 (alleging "[b]ased on information and belief," Nationstar did not have specific authority from HSBC Bank as Trustee to instruct

Foreclosure Counsel to Foreclose the Mortgage).) Thus, even if Count III were a recognized cause of action, Plaintiff fails to state a claim, and Count III should be dismissed.

**E.   Count IV Fails to State a Quiet Title Claim.**

In Count IV, Plaintiff seeks an order quieting title of a mortgagee's foreclosure sale and deed, which Plaintiff claims were wrongful, but which did not occur. (Compl., Count IV.) Because the foreclosure was not completed, Count IV should be dismissed as moot for the reasons discussed in Section III(A) above. Similarly, Plaintiff cannot sustain his quiet title claim because R.I. Gen. Laws §§ 34-16-2 and 34-16-4 requires Plaintiff to show that Defendants have a recorded interest adverse to his interest and/or that title is held by someone else, which he cannot do since he admits to granting the Mortgage on the Property and there has not been a foreclosure sale. *See Lister v. Bank of Am., N.A.*, 790 F.3d 20, 24- (1st Cir. 2015) (dismissing mortgagor's quiet title claim, holding "mortgagor and mortgagee's respective estates (or interests) are not adverse, but instead are 'prima facie consistent with each other,' under Rhode Island law") (citations omitted); *Cornejo*, 2016 WL 4385895, *3 (granting defendant's motion for judgment on pleadings where mortgagor plaintiff failed to produce record indicating her dispossession of title to the property and did not allege occurrence of foreclosure or eviction) (citing *Nye v. Brousseau*, 102 A.3d 627, 630 (R.I. 2014)).

Count IV should also be dismissed because it fails to state a claim for relief upon which relief may be granted. In particular, Plaintiff alleges that the (incomplete) foreclosure is wrongful and void because he never received and Defendants never sent a notice of default, Defendants "failed to properly hold the Mortgage as assignee in accordance with R.I. Gen. Laws § 34-11-34," and Nationstar lacked authority to instruct Foreclosure Counsel to foreclose the Mortgage.

34747951v1 0996380

(Compl. ¶¶ 54-56.) These allegations fail to support a quiet title claim for the reasons addressed *supra* in Sections III(B)-(D).

## IV.      CONCLUSION

For the reasons stated above, Defendants request dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Defendants,
Nationstar Mortgage, LLC, and HSBC Bank USA,
National Association, as Trustee for the
Certificateholders of Merrill Lynch Mortgage
Investors Trust, Mortgage Loan Asset-Backed
Certificates, Series 2005-A10,

By their attorneys,

Dated: May 25, 2017

*/s/ Valerie N. Doble*
Samuel C. Bodurtha, #7075
Valerie N. Doble, #7327
HINSHAW & CULBERTSON LLP
321 South Main Street, Suite 300
Providence, RI 02903
Tel: 401-751-0842 / Fax: 401-751-0072
Email: sbodurtha@hinshawlaw.com
      vdoble@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Valerie N. Doble, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 25, 2017.

*/s/ Valerie N. Doble*
Valerie N. Doble

34747951v1 0996380